J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
CAROLYN CHANG (CSB No. 217933)
cchang@fenwick.com
RAVI RANGANATH (CSB No. 272981)
rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Counsel for Plaintiff
Amazon.com, Inc.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

AMAZON.COM, INC.,

Plaintiff,

v.

STRAIGHT PATH IP GROUP, INC.,

Defendant.

Case No.: 5:14-cv-4561-EJD

**OPPOSITION OF PLAINTIFF AMAZON.COM, INC. TO MOTION TO DISMISS OF DEFENDANT STRAIGHT PATH IP GROUP, INC.**

Date: March 26, 2015
Time: 9:00 a.m.
Place: Courtroom 4
Judge: Hon. Edward J. Davila

Trial Date: None Set

Date Action Filed: October 13, 2014

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**TABLE OF CONTENTS**

INTRODUCTION ---------- 1

FACTUAL BACKGROUND ---------- 2

I. THE ACCUSED AMAZON INSTANT VIDEO SERVICE IS DESIGNED, IMPLEMENTED, AND RUN BY AMAZON ---------- 2

II. STRAIGHT PATH'S MULTI-FORUM LITIGATION STRATEGY ---------- 4

A. The Eastern District of Virginia Action and Parallel ITC Investigation ---------- 4

B. Straight Path's Infringement Contentions Targeting Amazon Instant Video ---------- 5

D. Intervention by Third-Party Application Providers and Subsequent Stay ---------- 7

ARGUMENT ---------- 8

I. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER AMAZON'S CLAIMS BECAUSE STRAIGHT PATH'S ALLEGATIONS ARE AFFIRMATIVE ACTS AGAINST AMAZON ---------- 8

II. THE COURT SHOULD NOT DEFER TO THE EASTERN DISTRICT OF VIRGINIA ---------- 12

A. The "First-to-File" Rule Does Not Apply to Customer Suits Such as Straight Path's Action in the Eastern District of Virginia ---------- 13

B. The Court Has No Obligation to Defer to the Forum of the Customer Suit in the Eastern District of Virginia, Which Will Not Resolve Amazon's Claims ---------- 13

C. Proceeding in the Eastern District of Virginia Will Not Conserve Judicial Resources, It Will Consume Them ---------- 16

CONCLUSION ---------- 17

# TABLE OF AUTHORITIES

*Cases:* *Page(s):*

*Arris Grp., Inc. v. British Telecomms.*,
639 F.3d 1368 (Fed. Cir. 2007) ---- 8, 10, 12

*Electronics for Imaging, Inc. v. Coyle*,
394 F.3d 1341 (Fed. Cir. 2005) ---- 10–11

*Global-Tech Appliances, Inc. v. SEB S.A.*,
131 S. Ct. 2060 (2011) ---- 9–10

*Google Inc. v. Rockstar Consortium U.S. LP*,
No. C 13-5933 CW, 2014 U.S. Dist. LEXIS 53757
(N.D. Cal. Apr. 17, 2014) ---- 10–11, 13

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014) ---- *passim*

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990) ---- 13–14

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ---- 8

*Microsoft Corp. v. DataTern, Inc.*,
755 F.3d 899 (Fed. Cir. 2014) ---- 9, 12, 14

*Proofpoint, Inc. v. InNova Patent Licensing, LLC*,
No. 5-11-cv-02288-LHK, 2011 U.S. Dist. LEXIS 120343
(N.D. Cal. Oct. 17, 2011) ---- 11–13

*SanDisk v. STMicroelectronics, Inc.*,
480 F.3d 1372 (Fed. Cir. 2007) ---- 8

*Select Retrieval, LLC v. ABT Elecs.*,
No. 11 C 03752, 2013 WL 6576861
(N.D. Ill. Dec. 13, 2013) ---- 13

*Statutes and Rules:*

28 U.S.C. §§ 2201-2202, Chapter 151
("Declaratory Judgment Act") ---- 10–11

## INTRODUCTION

Straight Path IP Group, Inc. ("Straight Path") has filed numerous suits—in various jurisdictions including this one—against consumer electronics companies based on their sale of Internet-enabled devices (*e.g.*, SmartTVs, Blu-ray players, tablets, or smartphones) with pre-installed video-streaming applications. Among its many targets are technology partners of Amazon.com, Inc. ("Amazon"), including LG Electronics, Inc. and its related entities ("LGE") and VIZIO, Inc. ("VIZIO"), both of whom Straight Path sued in the Eastern District of Virginia.[1] Even a cursory review of Straight Path's infringement contentions against LGE and VIZIO reveals that Straight Path accuses Amazon Instant Video, a video-streaming application that LGE and VIZIO pre-install on their consumer electronics devices.[2]

To remove any cloud of uncertainty over its technology and to ensure that Straight Path cannot continue to target and harass Amazon's customers, Amazon filed this declaratory judgment action.[3] Straight Path now moves to dismiss for lack of jurisdiction and asks this Court to endorse its litigation strategy of avoiding the true party in interest. Straight Path's motion should be denied.

By suing Amazon's customers and expressly asserting infringement claims against Amazon's technology, Straight Path has engaged in an affirmative act directed at Amazon. Straight Path's infringement contentions, which squarely implicate Amazon's technology and identify its end-user customers as direct infringers, create a controversy as to Amazon's potential liability for infringement, thus meeting the case or controversy requirement for declaratory judgment jurisdiction.

---

[1] Amazon refers collectively to LGE and VIZIO as the "EDVA Defendants."

[2] Along with Amazon Instant Video, Straight Path also accused video-streaming applications of Netflix and Hulu that are also pre-installed on LGE and VIZIO consumer devices. The Eastern District of Virginia acknowledged that the true defendants in that case are the providers of the accused video-streaming applications and permitted Netflix and Hulu to intervene. The Virginia court stayed the case in part pending resolution of post-grant review proceedings at the Patent Office before it ruled on Amazon's motion to intervene for a limited purpose of severing and staying the claims against Amazon's technology while those claims are resolved here. Amazon's motion is still pending in that case.

[3] Amazon filed its declaratory judgment claims here because this district has personal jurisdiction over Straight Path, it is home to one of Amazon's development facility, and is near Amazon's headquarters in Seattle.



FENWICK & WEST LLP ATTORNEYS AT LAW MOUNTAIN VIEW

The Court should reject Straight Path's arguments for deferring to the Eastern District of Virginia. Federal Circuit law dictates that suits against manufacturers proceed *before* those against customers. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014). Accordingly, where, as here, a patentee targets customers rather than the source of the accused technology—Amazon—the "first-to-file" rule on which Straight Path relies does not apply. Resolving Amazon's declaratory judgment claims first will be dispositive of not only Straight Path's claims against LGE and VIZIO but potential future claims against dozens of other resellers of the Amazon Instant Video service. Indeed, Straight Path had already sued Samsung, another Amazon customer and partner, in the Eastern District of Texas for infringement of the same patents at issue here. Amazon's declaratory judgment action will definitively resolve any question of infringement by Amazon, its partners, and its customers. Waiting for the Eastern District of Virginia to address Straight Path's claims against only two Amazon customers will result in piecemeal and inefficient litigation and, in fact, may not happen at all, as the Eastern District of Virginia actions are stayed indefinitely. Moreover, as those actions were in their early stages when the stay issued, no judicial efficiency is gained by dismissing this suit in favor of the suspended customer suits in Virginia. Both governing law and principles of comity and judicial efficiency compel the Court to resolve Amazon's declaratory judgment claims here and now.

## FACTUAL BACKGROUND

### I. THE ACCUSED AMAZON INSTANT VIDEO SERVICE IS DESIGNED, IMPLEMENTED, AND RUN BY AMAZON.

Amazon Instant Video is an on-demand Internet video service that provides millions of users direct access to over 140,000 movies and television episodes through over 500 devices, including SmartTVs, Blu-ray players, game consoles, and smartphones. (Declaration of Saina S. Shamilov in Opposition to Straight Path's Motion to Dismiss ("Shamilov Decl."), Ex. A.) These devices are manufactured and sold by myriad electronics companies, including LGE and VIZIO. (*Id.*, Ex. B.)

Amazon—not the device manufacturers—designed, developed, and now provides the Amazon Instant Video service through a cloud network it controls and operates. That network



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

hosts the video content that the Amazon Instant Video application accesses. The application is provided by Amazon and is either pre-installed on consumer electronics devices such as LGE and VIZIO's devices, or made available by Amazon for users to download onto their compatible devices.

Devices such as SmartTVs and Blu-ray players often come pre-loaded with various software applications, including Amazon Instant Video. (*See, e.g.*, *id.*, Ex. C.) To launch the Amazon Instant Video application on one of these devices, the user first scrolls through the applications available on the device and then selects the icon corresponding to Amazon Instant Video. At that point, the user is required to register the device with Amazon. This process is illustrated as follows:




(*Id.*, Ex. D.) Once registered, the user has access to and can view thousands of movies and television shows hosted by Amazon and made available through Amazon Instant Video:






FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(*Id.*) Amazon controls the Amazon Instant Video service from application launch, to content selection, to streaming of video, to the user's viewing experience. The process is generally the same, regardless of what device is used to access the Amazon Instant Video service.

## II. STRAIGHT PATH'S MULTI-FORUM LITIGATION STRATEGY

To date, Straight Path has initiated over fifteen different lawsuits in five different forums—spanning the nation—asserting infringement of the same patents at issue here. In addition to its lawsuits against LGE and VIZIO and others in the Eastern District of Virginia, Straight Path has initiated the following actions, three of which were filed in this district: Avaya Inc. (N.D. Cal. Case No. 14-cv-4309), Cisco Systems Inc. (N.D. Cal. Case No. 14-cv-4312), Apple Inc. (N.D. Cal. Case No. 14-cv-4302), Vonage (D.N.J. Case No. 14-cv-502), Verizon Communications (S.D.N.Y. Case No. 14-cv-7798), Samsung Electronics, Blackberry, ZTE, and Huawei Technologies (E.D. Tex., consolidated Case No. 13-cv-604), and Netflix, Inc. (E.D. Tex. Case No. 14-cv-405).

### A. The Eastern District of Virginia Action and Parallel ITC Investigation

In August 2013, Straight Path filed suit in the Eastern District of Virginia ("EDVA") accusing LGE, VIZIO, and Toshiba Corporation and its related entities ("Toshiba") of infringing U.S. Patent Nos. 6,009,469 (the "'469 patent"), 6,108,704 (the "'704 patent"), and 6,131,121 (the "'121 patent")[4] by selling consumer electronics devices pre-installed with video-streaming services.[5] (*See* EDVA Case No. 1:13-cv-933, Dkt. No. 1; Case No. 1:13-cv-934, Dkt. No. 1; Case No. 1:13-cv-1070, Dkt. No. 1). At the same time, Straight Path instituted a proceeding with the International Trade Commission against the same defendants. The Virginia court stayed the EDVA Actions pending resolution of the ITC investigation. (EDVA Case No. 1:13-cv-933, Dkt. No. 7; Case No. 1:13-cv-934, Dkt. No. 45.) Straight Path terminated the ITC investigation (just one week before the evidentiary hearing was set to take place) and the court in the EDVA Actions accordingly lifted the stays in June 2014. (*See, e.g.*, EDVA, Case No. 1:13-cv-934, Dkt. No. 56.)

On September 2, 2014, the court consolidated the LGE, VIZIO, and Toshiba cases, and,

---

[4] These patents are all related and share the same specification.

[5] Amazon refers to these actions as the "EDVA Actions."

formally opened fact discovery shortly thereafter on September 22, 2014. (EDVA Action,[6] Dkt. Nos. 114, 117.)

**B. Straight Path's Infringement Contentions Targeting Amazon Instant Video**

On October 17, Straight Path served its Preliminary Infringement Contentions in the EDVA Actions targeting Amazon Instant Video, among other video-streaming services. (*See* Shamilov Decl., Exs. E-K.) For each patent, Straight Path provided a separate infringement claim chart corresponding to each accused third-party video-streaming service. Each chart, however, applies generically to scores of different devices, including "Smart TVs, Blue-Ray Disc Players, Smartphones and Tablets," which are lumped together in a footnote. (*Id.*, Exs. F-K.)

In the charts, Straight Path explicitly identifies Amazon software and servers as purportedly satisfying all elements of the asserted claims. For example, claim 6 of the '121 patent requires: "A computer program product for use with a computer system capable of executing a first process and connecting to other processes and a server process over a computer network . . . ." (*Id.*, Exs. H, K.) In the infringement contentions against LGE, Straight Path accuses the Amazon Instant Video application and Amazon servers with which it interacts: "[T]he Amazon Application on the Accused Products communicates with the Amazon Server for the purpose of streaming media." (*Id.*, Ex. H at 2-3.) Straight Path cites to an Amazon web page and network traces between the Amazon Instant Video application and an Amazon server as allegedly meeting this limitation. (*Id.*, Ex. H at 4-5.) And contrary to Straight Path's characterizations in its motion, its infringement contentions explicitly identify *Amazon's* end-user customers as alleged direct infringers of the patents-in-suit: "Where the Accused Products indirectly meet this limitation, the direct infringer is the device's end user *utilizing the Amazon Instant Video Application on an Accused Product.*"[7] (*Id.*, Ex. H at 2 (emphasis added).)

---

[6] Unless otherwise specified, citations to docket entries for the EDVA Actions refer to the lead case, No. 1:13-cv-934.

[7] Straight Path's identification of Proposed Representative Accused Products also alleges that users infringe by downloading Amazon Instant Video onto Defendants' devices, even when those devices do not come pre-loaded with the application. (Shamilov Decl., Ex. E at 1-2 ("LG G3 Smartphone is exemplary . . . and representative of Accused Products where these applications [such as Amazon Instant Video] may be installed by a user through a storefront provided on the Product."))



FENWICK & WEST LLP ATTORNEYS AT LAW MOUNTAIN VIEW

In its infringement contentions against VIZIO, Straight Path includes materially identical allegations, again identifying Amazon software and servers as purportedly satisfying the elements of the asserted claims and *Amazon's* end-users as direct infringers of the patents-in-suit. (*Id.*, Exs. I-K.) Indeed, in its Motion, Straight Path admits that it accuses third-party applications incorporated in the EDVA Defendants' devices, rather than any functionality provided by the devices themselves. (Mot. at 3 ("[I]nfringement by LG, Toshiba and VIZIO can be demonstrated through any one of a myriad of *software applications ('Apps') provided by various third-parties that* are embedded in the devices and *enable the claimed point-to-point network communications*.") (emphasis added).) Under Straight Path's infringement theory, LGE and VIZIO do nothing more than resell and provide customers with access to what is truly alleged to be infringing—the Amazon Instant Video service.

Discovery propounded by Straight Path confirms that it is the Amazon Instant Video service that Straight Path accuses of infringement—not anything designed or developed by the EDVA Defendants. In the EDVA Actions, Straight Path served Amazon with a subpoena seeking production of documents showing the structure, function, and operation of Amazon Instant Video, including technical manuals and source code, as well as documents relating to Amazon's relationship and communications with LGE and VIZIO vis-à-vis the Amazon Instant Video service. (Shamilov Decl., Ex. L.) Straight Path also requested from VIZIO documents relating to the structure, function, and development of Amazon Instant Video, as well as any agreements VIZIO has with Amazon. (*Id.*, Ex. M.)



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

these provisions, in late September 2014, LGE and VIZIO each informed Amazon that Straight Path was accusing the Amazon Instant Video service of infringement and requested that Amazon indemnify them against those claims. (*Id.*, Exs. P, Q.)

**D. Intervention by Third-Party Application Providers and Subsequent Stay**

Facing similar infringement allegations by Straight Path, third-party application provider Hulu, LLC ("Hulu") sought leave to intervene in the EDVA Actions to defend its video-streaming technology not only against Straight Path's claims aimed at EDVA Defendants, but also against Straight Path's potential claims against Hulu's other customers. (EDVA Action, Dkt. Nos. 94-95, 124-125.) Straight Path opposed Hulu's motion to intervene on behalf of customers other than the EDVA Defendants. (*Id.*, Dkt. No. 137.) The Court denied Hulu's motion to intervene as of right but granted permissive intervention for the limited purpose of defending against Straight Path claims as to the EDVA Defendants only. (*Id.*, Dkt. No. 169.) Amazon likewise sought leave to intervene, asking the court to sever Straight Path's claims directed to the Amazon Instant Video service, and to stay those claims pending resolution of Amazon's claims in the Northern District of California. (*Id.*, Dkt. Nos. 155-156.); *see also In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (granting stays of customer suits pending resolution of claims as to manufacturers).

Before the court decided Amazon's motion, Straight Path, intervenor Hulu, and the EDVA Defendants jointly moved to stay those matters pending Federal Circuit review of an order by the Patent Trial and Appeal Board ("PTAB") cancelling certain claims of the '704 patent and pending post-grant review by the PTAB of petitions filed by the EDVA Defendants and intervenors relating to each of the asserted patents. (EDVA Action, Dkt. No. 178.) On November 4, 2014, the court granted the parties' stay motion and continued the hearing on Amazon's motion until the stay is lifted. (*Id.*, Dkt. Nos. 183-184.) Before the stay, discovery had only been open for little over a month, the parties had yet to make their respective claim construction or invalidity disclosures, and the court had held no substantive hearings and had not expended significant judicial resources in understanding the patents or the accused technology. (*See id.*, Dkt. No. 142

(Amended Proposed Discovery Plan, setting Nov. 10 deadline for service of invalidity contentions, exchange of proposed claim constructions on Nov. 12, and *Markman* hearing on Dec. 16, 2014), Dkt. No. 143 (adopting parties' proposed discovery plan).)

It is unlikely that the EDVA Actions will resume before 2016. Straight Path filed its docketing statement in connection with its Federal Circuit appeal just days ago—on January 12, 2015—and it typically takes ten months from the docketing date for that court to issue an opinion. (*See, e.g.*, Shamilov Decl., Ex. R (Docket Sheet for Appeal No. 15-1212), Ex. S (Federal Circuit statistics showing median of ten months from docketing date to disposition date for appeals of USPTO orders).) And, as PTAB proceedings can last up to seventeen months from the date of petition filing (here, October 31, 2014), the post-grant review process will not conclude until mid-2016. (*See id.*, Ex. T (showing timeline for PTAB trials).)

## ARGUMENT

### I. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER AMAZON'S CLAIMS BECAUSE STRAIGHT PATH'S ALLEGATIONS ARE AFFIRMATIVE ACTS AGAINST AMAZON.

Under the Supreme Court's holding in *MedImmune*, courts have subject matter jurisdiction over declaratory judgment claims if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). In the context of patent infringement, "declaratory judgment jurisdiction . . . [requires] some affirmative act by the patentee" directed at the accused infringer. *SanDisk v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007) (emphasis added). One such affirmative act is asserting a patent against a supplier's customers or re-sellers: in that scenario, declaratory judgment jurisdiction exists if "there is a controversy between the patentee and the supplier as to the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers." *Arris Grp., Inc. v. British Telecomms.*, 639 F.3d 1368, 1375 (Fed. Cir. 2007). That is the case here.

Straight Path's allegations explicitly accuse Amazon's technology of infringement and

accuse Amazon's customers and users of Amazon's technology of direct infringement. These allegations, at the very least, "impliedly assert indirect infringement" by Amazon. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903-04 (Fed. Cir. 2014). Straight Path's targeting of Amazon's customers and technology in infringement suits are similar to those found to support subject matter jurisdiction in *DataTern*. DataTern sued several Microsoft and SAP customers for patent infringement, but stated it had no intention of suing Microsoft or SAP, and never approached either company regarding a license. *Id.* at 903. When Microsoft and SAP sought a declaratory judgment of non-infringement, DataTern, like Straight Path, moved to dismiss based on lack of subject-matter jurisdiction. *Id.* The Federal Circuit upheld the district court's denial of DataTern's motion to dismiss, finding that because DataTern's infringement contentions relied on components of Microsoft and SAP software and documentation for those services and identified end customers as direct infringers, DataTern had impliedly asserted that Microsoft and SAP had induced infringement by their customers. *Id.* at 903-904.

Straight Path likewise impliedly asserts that Amazon induced infringement of the asserted patents. To prove inducement of infringement, the patentee must show that the accused inducer took an affirmative act to encourage direct infringement by another. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). In its infringement contentions, not only does Straight Path cite customer-facing documentation for the Amazon Instant Video service (including, for example, screen shots from the Amazon website instructing users on the "3 easy steps" required to use Amazon Instant Video on an LGE or VIZIO device), but it also accuses Amazon Instant Video application and Amazon servers of meeting every single limitation of the asserted claims. (*See, e.g.*, Shamilov Decl., Exs. F at 5 and I at 6 ('469 patent claim charts).) And, just like DataTern, Straight Path alleges that users of Amazon Instant Video are direct infringers of the asserted patents. (*See, e.g.*, *id.*, Exs. F at 2, G at 2, H at 2, I at 2, J at 2, and K at 2 ("Where the Accused Products indirectly meet this limitation, *the direct infringer is the device's end user utilizing the Amazon Instant Video Application on an Accused Product.*") (emphasis added).) Thus, Straight Path's infringement contentions allege direct infringement by Amazon's customers through their use of Amazon Instant Video and that Amazon teaches and encourages

that allegedly infringing use through its instructions on how to use Amazon Instant Video. *Global-Tech*, 131 S.Ct. at 2068.

Straight Path also impliedly alleges contributory infringement by Amazon. To prove contributory infringement by a supplier of a component of an allegedly infringing system or combination, a patentee must prove that the supplier's product was used to commit acts of direct infringement, the product is a material part of the claimed invention, and the product was especially made or adapted for use in an infringing manner. *Arris*, 639 F.3d at 1376. Straight Path alleges that Amazon's customers use Amazon Instant Video service (the purported component) through a user interface provided by LGE and VIZIO consumer devices so as to infringe its patents. (*See, e.g.*, Shamilov Decl., Exs. F at 2, G at 2, H at 2, I at 2, J at 2, and K at 2). Thus, Straight Path likewise alleges contributory infringement by Amazon.[8] *Id.*

Indeed, other courts in this district have denied motions similar to that of Straight Path here. In *Google v. Rockstar Consortium U.S. LP*, the patent-holders sued seven Google customers in the Eastern District of Texas accusing them of infringing certain software patents based on their incorporation of Google's Android operating system. *Google Inc. v. Rockstar Consortium U.S. LP*, No. C 13-5933 CW, 2014 U.S. Dist. LEXIS 53757, at *18 (N.D. Cal. Apr. 17, 2014). Google filed suit in the Northern District of California seeking a declaratory judgment of non-infringement. *Id.* at *1. Judge Wilken rejected the patentee's contention that, because it had not sued Google, no substantial case or controversy existed over the declaratory judgment claims. *Id.* at *28-29. The Court found that Google's suit "serve[d] the purposes of the Declaratory Judgment Act," and that Rockstar's "tactic of targeting the customers instead of the manufacturer 'infects the competitive environment of the business community with uncertainty and insecurity.'" *Id.* (quoting *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1346 (Fed. Cir. 2005).) The Court concluded that "[b]ecause the patent owners failed to 'grasp the nettle and sue,' Google was justified in bringing the [declaratory judgment] action." *Id.* at *29 (quoting *Electronics for Imaging*, 394 F.3d at 1346). Here, as in *Rockstar*, Straight Path's allegations

[8] Of course, Straight Path's allegations regarding both direct and indirect infringement have no merit, as Amazon asserts in its claims for declaratory judgment of non-infringement.

place a cloud of uncertainty over Amazon's business because the claims implicate all Amazon device partners (not just LGE and VIZIO), and all end-users of Amazon Instant Video. This is precisely the scenario contemplated by the Declaratory Judgment Act. *Id.* at *28.

Straight Path is wrong when it suggests that because it has not "sen[t] Amazon a cease-and-desist letter, request[ed] a royalty from Amazon or otherwise ma[de] licensing proposals to Amazon, or fil[ed] suit against Amazon," it has not "engaged in any affirmative acts directed at Amazon." (Opp. at 9.) Nor is Straight Path correct that "allegations of infringement against a customer's product based in part on the product's use of a supplier's software application are not affirmative acts" sufficient to give rise to subject-matter jurisdiction. (*Id.*) As an initial matter, even if this were true, it does not help Straight Path because its infringement allegations are not based *in part* on LGE and VIZIO's use of the Amazon Instant Video service—they are based *entirely* on that use. The hardware claim elements of the accused LGE and VIZIO devices (such as display and generic Internet access) are common to any device that accesses Amazon's Instant Video service. (*See*, *e.g.*, Shamilov Decl., Ex. F at 2 ("The Accused Products include a display. For example, the LG Product has a visual display such as an LCD screen.") and 12 (showing generic wireless connectivity of LG television).)

Nor is Straight Path helped by *Proofpoint*, on which it exclusively relies for the notion that customer suits cannot give rise to declaratory judgment jurisdiction. In *Proofpoint*, the patentee InNova had initiated actions against dozens of defendants in the Eastern District of Texas, including against three customers of Proofpoint. *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, No. 5-11-cv-02288-LHK, 2011 U.S. Dist. LEXIS 120343, at *8 (N.D. Cal. Oct. 17, 2011). In that case, the customers originally sued by InNova were users of the Proofpoint software, not resellers (as is the case here). *Id.* at *13. More importantly, "the only allegations in the Texas Action Complaint that directly implicate[d] Proofpoint . . . were dismissed with prejudice by joint motion," and thus no controversy existed between Proofpoint and InNova as to those customers. *Id.* Here, a sufficiently immediate dispute exists because Straight Path continues to assert infringement claims against Amazon's customers and partners.[9]

[9] The *Proofpoint* court recognized that Proofpoint faced implied liability for indirect



FENWICK & WEST LLP ATTORNEYS AT LAW MOUNTAIN VIEW

In its complaint, Amazon alleges that: (1) Straight Path accuses LGE and VIZIO of infringing the ’469, ’704 and ’121 patents through their incorporation of Amazon Instant Video; (2) Straight Path has sought discovery from Amazon to support these infringement claims; (3) pursuant to their respective written agreements with Amazon, LGE and VIZIO have requested that Amazon indemnify them against Straight Path’s claims;[10] (4) Straight Path has initiated suits against other Amazon customers, including Samsung, and could assert substantially similar infringement claims based on Amazon Instant Video; and (5) Amazon has a substantial interest in clearing any uncertainty regarding potential infringement of the Amazon Instant Video service by defeating Straight Path’s claims. (Dkt. No. 1 at ¶¶ 8-24.) Amazon’s complaint thus adequately alleges that Straight Path engaged in affirmative acts, through its targeting of Amazon’s customers and implied allegation of indirect infringement by Amazon that raised the specter of potential suit. These factual allegations support subject-matter jurisdiction over Amazon’s declaratory judgment claims. Straight Path’s motion should be denied.

## II. THE COURT SHOULD NOT DEFER TO THE EASTERN DISTRICT OF VIRGINIA.

Straight Path alternatively contends that even if this Court finds subject-matter jurisdiction, it should nonetheless defer to the Eastern District of Virginia because (1) Straight Path is entitled to its choice of forum under the first-to-file rule; (2) a declaratory judgment action by a supplier must be brought in the same jurisdiction as the underlying customer suit; and (3) proceeding in the Eastern District of Virginia would conserve judicial resources. Each of these arguments fails.

---

infringement, noting that “the specter of indirect liability weighs in Proofpoint’s favor.” However, the court did not analyze this as a potential basis for declaratory jurisdiction, in part because of the reasons explained above. *Proofpoint*, 2011 U.S. Dist. LEXIS 120343, at *14.

[10] Under Federal Circuit law, an indemnification agreement provides an independent basis for establishing a case or controversy sufficient to give rise to declaratory judgment jurisdiction. *Arris* , 639 F.3d at 1373. This is because if a supplier must indemnify its customers, it “would stand in the shoes of the customers and would be representing the interests of their customers.” *DataTern*, 755 F.3d at 904. Though Amazon did not attach to its complaint the confidential agreements that govern its potential indemnification obligations (solely in order to avoid filing its complaint under seal), Amazon did allege the existence of such agreements. (Dkt. No. 1 at ¶¶ 16, 18.) And, if this Court deems it necessary, Amazon can and will file the agreements under seal as attachments to an amended complaint.

**A. The "First-to-File" Rule Does Not Apply to Customer Suits Such as Straight Path's Action in the Eastern District of Virginia.**

The Federal Circuit has carved out an exception to the first-to-file rule "whereby litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This is because adjudication of infringement issues as to the supplier "would likely be dispositive of . . . other cases," and "the manufacturer presumably has a greater interest in defending against charges of patent infringement than the customers." *Rockstar*, 2014 U.S. Dist. LEXIS 53757, at *32. "This 'customer-suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo*, 756 F.3d at 1365 (citation omitted).

In erroneously arguing that the first-to-file rule should apply here, Straight Path again relies on *Proofpoint*, in which no customer suits were at issue (the alleged infringers were found to *use* the manufacturer's product and not *re-sell* it). Straight Path's case, however, falls squarely into the customer-suit exception to the first-to-file rule. Allowing actions involving manufacturers and suppliers to proceed first avoids piecemeal litigation against customers that does nothing to resolve the underlying issue—alleged infringement by the product itself—and allows the supplier to efficiently defend its products and technology. *See Select Retrieval, LLC v. ABT Elecs.*, No. 11 C 03752, 2013 WL 6576861, *4 (N.D. Ill. Dec. 13, 2013) ("Instead of defending its products in piecemeal fashion, and having to waste time and money seeking to intervene in various infringement actions around the country, Adobe can present a streamlined defense of its product that will bear fruit in all of the actions against its customers, whether it wins or loses."). Amazon's declaratory judgment action—which will definitively resolve Straight Path's infringement allegations directed to Amazon Instant Video—should proceed in the Northern District of California. *Katz*, 909 F.2d at 1463-64.

**B. The Court Has No Obligation to Defer to the Forum of the Customer Suit in the Eastern District of Virginia, Which Will Not Resolve Amazon's Claims.**

Straight Path erroneously relies on *DataTern* for the notion that declaratory judgment



FENWICK & WEST LLP ATTORNEYS AT LAW MOUNTAIN VIEW

claims based on alleged indemnification obligations must proceed in the forum of the customer suit. (Mot. at 12.) That is not the law. In *DataTern*, the court concluded that Microsoft—which disputed its indemnification obligations—had not sufficiently alleged a case or controversy with respect to certain patents. *DataTern*, 755 F.3d at 904. In *dicta*, the court suggested that even if Microsoft had properly alleged jurisdiction based solely on its indemnification obligations, Microsoft "could defend its customers and efficiently and effectively participate" in the Texas action, which was already underway and involved the same issues. *Id.* At most, this implies that where declaratory judgment jurisdiction is based *solely* on alleged indemnification obligations—which is not the case here—a supplier should participate in the customer suit (since the supplier simply takes the place of the customer in the litigation). DataTern's *dicta* regarding forum thus does not bind the Court here or require it to defer to the EDVA Actions, as Amazon alleges an independent basis other than indemnification for declaratory judgment jurisdiction—that Straight Path's infringement allegations squarely implicate all Amazon end-users of Amazon Instant Video and impliedly allege indirect infringement by Amazon. Indeed, the *DataTern* court *allowed* Microsoft and SAP's declaratory judgment claims in the Southern District of New York to proceed in that forum, despite the fact that DataTern had sued customers of those suppliers in the Eastern District of Texas. *Id.* at 911 (affirming denial of DataTern's motion to dismiss).

Moreover, adjudication of the claims in the EDVA Action would not resolve uncertainty as to potential liability of *other* Amazon customers and partners, let alone Amazon's potential liability as an indirect infringer. Though Straight Path now appears to take the position that Amazon should pursue its declaratory judgment claims in the EDVA rather than the Northern District of California, Straight Path *opposed* Hulu's proposed intervention in that case to the extent it sought adjudication of declaratory judgment claims regarding potential infringement by customers other than the EDVA Defendants. (*See* EDVA Action, Dkt. No. 137 (Straight Path's Opposition to Hulu's Motion to Intervene).) And the EDVA court, in permitting Hulu to intervene, expressly limited that intervention to the customers accused in that case. (EDVA Action No. 169 at 1 ("Hulu LLC's intervention is authorized only as to the current, named Defendants"). Thus, even if Amazon elected to proceed with its claims in the EDVA, neither

Straight Path nor the court in that action would likely permit it to seek a declaratory judgment of non-infringement with respect to other customers, as Amazon seeks through its claims in this Court.

To avoid this very outcome, the Federal Circuit consistently holds that claims as to suppliers should take precedence over customer suits—a holding it reinforced just months ago in *In re Nintendo*. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). There, plaintiff Secure Axcess LLC sued retailers of Nintendo's video game systems for patent infringement in the Eastern District of Texas. *Id.* at 1364. Nintendo distributes its video game systems through stores and online dealers, much like how Amazon distributes its Amazon Instant Video service and application through its partners. The district court in that case denied a motion brought by Nintendo and its retailers to sever and stay claims as to the retailer defendants to allow Nintendo to defend its video game system against Secure Axcess's infringement claims in another court. In response to Nintendo's petition for writ of mandamus, the Federal Circuit vacated the district court's denial and directed the court to grant the motion. *Id.* at 1365-1366. In doing so, the Federal Circuit noted that "Nintendo's liability is predicate to recovery from any of the defendants, [and thus] the case against Nintendo must proceed first, in any forum." *Id.* at 1366. The Federal Circuit transferred the action to the Western District of Washington—Nintendo's preferred forum—as that court could more efficiently adjudicate the parties' claims relating to Nintendo's technology. *Id.*

Straight Path has no claim against LGE and VIZIO based on their incorporation of Amazon Instant Video in their consumer electronics devices unless it first proves infringement by the Amazon Instant Video service itself. Amazon's liability is thus "predicate to recovery from any of the [EDVA] defendants." *Id.* And, as in *Nintendo*, this Court should adjudicate Amazon's declaratory judgment claims, which may be dispositive of Straight Path's claims against Amazon's customers LGE and VIZIO, rather than waiting for other courts to resolve Straight Path's claims against Amazon's customers in piecemeal fashion.

### C. Proceeding in the Eastern District of Virginia Will Not Conserve Judicial Resources, It Will Consume Them.

As discussed above, Straight Path's infringement contentions exclusively cite to Amazon documentation and implicate LGE and VIZIO products only to the extent they provide generic display and Internet connectivity—functionality provided by all other Amazon partners. (*See* Shamilov Decl., Exs. F-K.) The Court should not credit Straight Path's (incorrect) speculation that "the modification of the [Amazon Instant Video] application for use on each device . . . leads to infringement." (Mot. at 16.) Straight Path's infringement contentions do not point to any purported modification—nor can they— [REDACTED] Resolving Amazon's declaratory judgment claims will be dispositive of Straight Path's claims not only against Amazon's technology but against all of Amazon's partners (not just against LGE and VIZIO) using that technology. Federal Circuit precedent and judicial efficiency dictate that this Court resolve Amazon's declaratory judgment claims first. *See In re Nintendo*, 756 F.3d at 1366.

Straight Path speculates that proceeding in this forum could burden LGE and VIZIO, who may be required to provide third-party discovery or intervene. But, neither LGE nor VIZIO opposed Amazon's motion for severance and stay of Straight Path's claims directed to Amazon Instant Video in the Eastern District of Virginia pending resolution of its claims here. (EDVA Action, Dkt. No. 156 at 9.)

Nor would proceeding in this district result in a waste of judicial resources of the Virginia court, as that court has not expended any judicial resources on Straight Path's claims. The EDVA Actions are still in their early stages. Because Straight Path's claims were previously stayed pending resolution of the parallel ITC investigation, the case had yet to proceed beyond the pleading stage. Only in late September of last year, the Virginia court issued a scheduling order formally opening fact discovery (which had been stayed up to that point). As of the date of the most recent stay pending Straight Path's Federal Circuit appeal and post-grant review

proceedings, the parties had not undertaken significant efforts in discovery, which had been open for little over a month, and the EDVA Defendants and intervenors had yet to serve invalidity contentions, claim construction or expert disclosures. The Virginia court has not expended resources in understanding the patents or technology: the parties have not yet filed claim construction briefs, the court has yet to construe the claims or hold a *Markman* hearing, and no party has filed summary judgment motions. And, as the Virginia court stayed proceedings pending resolution of Straight Path's Federal Circuit appeal and the parties' respective post-grant review petitions, the EDVA Actions may not resume until well into 2016 (assuming Straight Path's patents survive post-grant review), making it unlikely that the EDVA Actions and this matter would proceed in parallel.

Finally, because, the EDVA Actions will, at most, resolve Straight Path's claims as to LGE and VIZIO, after the conclusion of that matter—in 2016 or beyond—Amazon will have to return to this Court to seek a declaratory judgment of non-infringement as to its technology and other customers. This would be a waste of judicial resources and would needlessly burden both Amazon and the Court.

**CONCLUSION**

For the aforementioned reasons, Amazon respectfully requests that the Court deny Straight Path's Motion to Dismiss and allow Amazon's declaratory judgment claims to go forward.

January 23, 2015

FENWICK & WEST LLP

By: */s/ Saina S. Shamilov*
Saina S. Shamilov

Counsel for Plaintiff
Amazon.com, Inc.